RECEIVED IN
The Court of Appeals
Sixth District

JAN 0 2 2015
R.9.2(b)
Texarkana, Texas
Debra Autrey, Clerk

Appellate Case No: 06-14-00085-CV
Trial Court Case No: 83460

ORIGINAL

$990.00 in U.S. Currency _____ Court of Appeals

Garmin Nuvi GPS _____ Sixth Appellate District

Garmin Lg Screen GPS

KD Android Computer Tablet

Robert Daugherty _____ State of Texas

VS

The State of Texas

FILED IN
The Court of Appeals
— Sixth District —

JAN 07 2015

Texarkana, Texas
Debra Autrey, Clerk

Appellants Brief

To The Honorable Court:

Now Comes, Robert Daugherty, filing Pro-Se / Informa Pauperis and files this his Appellants Brief of The Sixth District Court of Lamar County, The State of Texas decision. On September 24, 2014 in Civil cause no. 83460 law-suite for forfeiture of $990⁰⁰ in U.S. Currency and Garmin Nuvi GPS, Garmin Lg Screen GPS KD Android Computer Tablet was heard and a decision by the Court was made in favor of the State of Texas Respondent has filed an appeal of the lower Courts decision in the Court of Appeal, The

PS 1 of 7

Sixth Appellate District of Texas
and files this his Appellants Brief
in support:

## Basis for Appeal

I Motion for continuance was denied
by the Court

II Request for the Court to appoint
counsel was denied by the Court.

## Argument

I Motion for continuance in the above Civil
cause no. 83660 until final disposition of
Respondents related Criminal Case no. 25928
and 25958 also in the Sixth District of
Lamar County, Texas be reached was denied
by the Court Prior to the hearing but
on record Respondent requested a
continuance. The Court denied Respondents
motion sighting "the law does not require

a final criminal disposition before we can proceed with the civil cases" see: transcript pg 4 line 23-24 pg 5 line 1-25 and pg 6 line 1-9.

Argument

   In a civil case where the criminal case is related to that civil case as in this case, in fact, is the sole basis for the civil case the Respondent does have a right to a continuance until the disposition of the related criminal case and should have been granted the requested continuance. If not for the related criminal case the civil seizure law-suite would not have existed. If the civil and criminal cases were not related as they are in this case, the Respondent would have had no right for requested continuance. This is supported by the District Attorney, Gary Young in his statement. see: transcript pg 5 line 24-25 He is quoted as saying " I don't think he has a right to do that" (request a continuance) He did not

quote law or even state emphatically I had no right, only "I think".

II. Request by Respondent for the Court to appoint an attorney was denied by the Court sighting "your not entitled to a Court appointed counsel in these civil action" see: transcript pg. 7 line 5-10.

Argument
A. In a civil matter that stands alone the Respondent would not be entitled to a Court appointed attorney. In this civil cause that is soley based on Criminal changes brought against him and is to be considered a related case Respondent is entitled to a Court appointed attorney. In fact, if not for said Criminal case against Respondent the civil law-suite would not have existed

B. Respondent representing himself Pro So but was limited by the Court from doing so for fear of cross-examination and

and incriminating himself in his criminal case. see: transcript pg 9 line 10-25

Mr. Young "Judge, also he obviously has the right to ask questions but he also could subject himself to cross-examination depending on what some of the questions are.

The Court "just keep in mind that if you begin to participate in this hearing by asking questions, calling witnesses yourself, testifying if you get that far, that you may be waiving your right to remain silent

In all fairness for justice, the Respondent should have been appointed counsel to avoid subjecting and incrimination in his related criminal cases.

Wherefore, Premises Considered, The Respondent/ Appellant prays that the Court of Appeals set aside judgement entered in this cause from the Sixth District Court of Lamar County and orders a new trial on the

merits listed. Further, that the Appellate Court order an attorney be assigned to Respondent/Appellant and also order that this matter be continued until the disposition of the related criminal cases that are the basis for the forfeiture action

## Consideration of the Court

The Respondent is filing Pro Se and ask that the Court take into consideration his lack of knowledge in the legal system and his inability to use the Law Library at his place of incarceration, Lamar County Jail

## Sworn Declaration

I, Robert Daugherty, filing Pro Se do swear on December 18 of 2014 that the above Appellants Brief is true and correct under penalty of purjury

## Certificate of Service

I hereby certify that a copy of the above has been delivered on the __18__ day of December 2014 to Gary Young, Lamar County Attorney, by standard U.S. mail to 119 North Main St., Paris, Texas 75460.

Respectfully submitted,

_Robert Dougherty_
Robert Daugherty S01238
Lamar County Jail
125 Brown Ave.
Paris, Texas 75460

_[signature]_
12-18-14

ROBERT LEE WALDRUM
Notary Public
STATE OF TEXAS
My Comm. Exp. April 30, 2016